*41
SUMMARY ORDER

Appellant appeals the District Court’s order granting the Secretary’s motion for judgment on the pleadings. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
The Administrative Law Judge (“ALJ”), whose decision was upheld by the District Court, determined that Appellant was not entitled to a waiver of a ninety percent surcharge imposed on his Medicare premium by the Social Security Administration because of his late enrollment. 42 U.S.C. § 1395p(h) permits the Secretary to waive Medicare enrollment period requirements “where the Secretary finds that an individual’s enrollment or nonenrollment in the insurance program ... is unintentional, inadvertent, or erroneous and is the result of the error, misrepresentation, or inaction of an officer, employee, or agent of the Federal Government, or its instrumentalities.” Appellant argues that the District Court erred in affirming (1) the ALJ’s interpretation of § 1395p(h) that appellant’s employer’s plan (the “Dunlop Plan”) was not an instrumentality of the federal government; (2) the ALJ’s finding that— even if the Dunlop Plan qualified as an “instrumentality” — Appellant was not entitled to equitable relief from his Medicare premium surcharge; and in holding (3) that Appellant waived his claim that the ALJ was biased against him.
We review ALJ factual determinations regarding Medicare coverage for substantial evidence. 42 U.S.C. §§ 405(g), 1395ff(b)(l)(A); Keefe ex rel. Keefe v. Shalala, 71 F.3d 1060, 1062 (2d Cir.1995). “[T]he claimant bears the burden of proving her entitlement to Medicare coverage,” Keefe, 71 F.3d at 1062; accord Friedman v. Sec’y of Dep’t of Health & Human Servs., 819 F.2d 42, 45 (2d Cir.1987), and while Appellant is trying to obtain equitable relief from a Medicare premium surcharge rather than Medicare coverage itself, the burden of proof remains the same.
We need not address the question of whether the Dunlop Plan was an “instrumentality” of the Federal Government, for, even assuming that the Plan was an “instrumentality,” the other findings of the ALJ were supported by substantial evidence. There was evidence in the record, including a letter from Appellant’s former employer Dunlop, introduced by Appellant himself, from which the ALJ reasonably could have concluded that Appellant intentionally withheld information from Dunlop that would have enabled Dunlop to determine his Medicare eligibility. There was also evidence that both the Social Security Administration and Dunlop had sent Appellant notifications about switching to Medicare.
Appellant argued for the first time in the District Court that the ALJ was biased against him. Bias claims in Medicare hearings must be raised “at [the] earliest opportunity.” 20 C.F.R. § 404.940. Appellant states that he raised his bias claim before the Medicare Appeals Council, but the record does not support that assertion. Accordingly, we decline to address the bias claim.[1]
We have reviewed all of the Appellant’s claims and find them to be without merit. The district court’s judgment is therefore
AFFIRMED.

. We need not consider whether, as Appellant suggests in citing Pronti v. Barnhart, 339 F.Supp.2d 480 (W.D.N.Y.2004), there are circumstances in which delayed allegations of bias will be examined, as no such circumstances apply in the instant case.